UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY ABUZEIDE, Special Administrator for the Estate of Jack Berry Dane,<br><br>Plaintiff,<br><br>v.<br><br>OPENROAD AUTO GROUP, INC., a Washington corporation d/b/a BELLEVUE LAMBORGHINI ROLLS-ROYCE BENTLEY,<br><br>Defendant. | Case No. C17-583 RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO"). Dkt #2. The Court has examined Plaintiff's Motion and determined that Plaintiff has not attached a certificate of service nor requested issuance without notice.

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.*" Fed. R. Civ. P. 65(b)(1) (emphasis added). Unless these requirements are satisfied, "the moving party must

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

serve all motion papers on the opposing party before or contemporaneously with the filing of the motion *and include a certificate of service with the motion*." LCR 65(b)(1) (emphasis added). "Unless the Court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served." LCR 65(b)(5).

The Court concludes that Plaintiff has failed to satisfy the above procedural requirements for a TRO and will deny this Motion on that ground alone. Although Plaintiff moves for relief above and beyond the issuance of a TRO, the Court concludes that granting any of the requested relief would be improper without notice to Defendant. The Court notes that Plaintiff is free to refile this Motion after satisfying the above procedural requirements.

Having considered Plaintiff's Motion and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Temporary Restraining Order (Dkt. #2) is DENIED.

(2) Plaintiff is DIRECTED to serve a copy of this Order on Defendant.

(3) If Defendant is served with a subsequent TRO Motion on April 14, 2017, through April 16, 2017, the Court will extend the deadline for Defendant to file a notice indicating whether it plans to oppose the motion to noon on April 18, 2017, and the deadline to file a response, if any, to noon on April 19, 2017. If Defendant is served after April 16, 2017, the deadlines to respond remain as stated in LCR 65(b)(5).

DATED this 14th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE