UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY ABUZEIDE, Special Administrator for the Estate of Jack Berry Dane,<br><br>Plaintiff,<br><br>v.<br><br>OPENROAD AUTO GROUP, INC., a Washington corporation d/b/a BELLEVUE LAMBORGHINI ROLLS-ROYCE BENTLEY,<br><br>Defendant. | Case No. C17-583 RSM<br><br>ORDER GRANTING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's Second Motion for Temporary Restraining Order ("TRO"). Dkt #8. On April 14, 2017, Plaintiff Anthony Abuzeide, Special Administrator for the Estate of Jack Berry Dane ("The Estate") filed this action and its First TRO Motion. That same day, the Court denied the Motion, determining that it lacked a certificate of service and otherwise failed to argue for issuance without notice. Dkt. #6. The Estate swiftly filed a declaration of attorney Michael E. McAleenan containing the missing evidence of service on Defendant Openroad Auto Group, Inc. ("Openroad"). Dkt. #7. Later that same day, The Estate filed the instant Second TRO Motion and all of the original supporting declarations, including the previously missing declaration of attorney Michael E. McAleenan. Dkts. #8-11. This newly filed declaration of Mr. McAleenan provides evidence

ORDER GRANTING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 1

of service of the first TRO, but not evidence of service of the Second TRO Motion. *See* Dkt. #11. Confusingly, the instant Second TRO Motion is identical to the First TRO Motion, with an identical caption. *See* Dkts. #2 and #8.

On April 18, 2017, The Estate filed an unsigned "Declaration of Service" purporting to show that Defendant Openroad was served with the Second TRO Motion, as well as the Court's April 14, 2017, Order denying the original TRO Motion. Dkt. #12. This document indicates that Openroad was served with these documents on April 17, 2017, at 2:34 PM. *Id.* Openroad has failed to respond to this Motion or contact the Court in any fashion.

The Court will first address whether the Estate has adequately satisfied TRO procedure. "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Unless these requirements are satisfied, "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion *and include a certificate of service with the motion*." LCR 65(b)(1) (emphasis added). "Unless the Court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served." LCR 65(b)(5).

ORDER GRANTING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 2

The Estate's actions place the Court in a difficult position. On the one hand, it appears the Estate has again failed to satisfy the above procedural requirements. The Estate has not provided a certificate of service showing service of the *second* TRO Motion before or contemporaneously with the filing of the second TRO Motion. Instead, the record shows Openroad was not served with a copy of the Second TRO until three days after the Second TRO was filed. To make matters worse, the April 18, 2017, "Declaration of Service" is unsigned. *See* Dkt. #12. Even if this Declaration were signed, the Court believes Openroad could be confused by receiving service of an Order of this Court denying the Estate's First TRO and a copy of the Second TRO captioned identically to the First TRO.

On the other hand, taking into consideration everything the Estate has filed on the docket, it seems clear that Openroad has been adequately notified of this action, that at least one TRO has been filed, and that the Court anticipated the immediate filing of a second TRO. Despite all of this, Openroad has failed to make an appearance or otherwise communicate with the Court. The Court is troubled by Openroad's silence given the nature of the Estate's Motion.

The Estate has essentially provided notice of this TRO to Openroad and justice requires consideration of the requested TRO relief now, even though Openroad has not made an appearance. However, the Court will not grant the Estate's request for expedited discovery at this time given Openroad's current absence.

Shifting gears to the substance of the TRO request, the Court briefly sets forth the facts as presented by the Estate. Plaintiff alleges that Taylor Henley, a 21 year old acquaintance of the 64 year old Decedent, stole Decedent's title to "a rare and collectible 2015 Porsche 918 Spyder worth in excess of $1,500,000.00." Dkt. #8 at 2; *See also* Dkt. #9-1 at 5-11 (police report). This Porshe was apparently of a limited production with "only 918 vehicles sold." *Id*.

ORDER GRANTING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 3

The Porshe was purchased by Decedent in 2014 and bears the Vehicle Identification ("VIN") Number WPOCA2A13FS800236. Dkt. #9-1 at 2. Ms. Henley allegedly forged Decedent's signature on the title to transfer the Porshe to herself, then transferred the Porshe to Silver Arrow Performance Cars, Ltd. in Arizona while Decedent was in Europe at the end of 2016. *Id.*; *see also* Dkt. #9-1 at 15. On January 3, 2017, Decedent filed a police report alleging that Ms. Henley stole, among other things, the title documents to the Porsche and subsequently the Porsche itself. Dkt. #9-1 at 5-11. On February 6, 2017, Decedent died in his San Francisco, California home. Dkt. #9-1 at 29. The Porshe is now advertised for sale at Defendant Openroad's Bellevue, Washington showroom. *See* Dkt. #11-1 at 9-11. The Estate has attempted to contact Openroad to request they refrain from selling the Porshe; Openroad has not responded. The Estate filed the instant suit for replevin and injunctive relief. Dkt. #1.

In order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

As to the first factor, the Estate cites to California and Washington State law supporting the position that Ms. Henley as a thief could not pass good title so that "even a good faith purchaser for value, assuming the Defendants occupy such a position, cannot acquire valid title from Henley or those taking through her." Dkt. #8 at 10-12 (citing, *inter alia*, *Suburban*

ORDER GRANTING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 4

*Motors, Inc. v. State Farm Ut. Auto. Ins. Co.*, 218 Cal. App. 3d 1354 (Cal. App. 3d Dist. 1990); RCW 62A.2-403; RCW 10.79.050; *Heinrich v. Titus-Will Sales, Inc.*, 73 Wn. App. 147, 868 P.2d 169 (1994) (internal quotation marks omitted). Washington law also supports return of the Porshe to the Estate as the proper remedy. The Estate next argues it will suffer irreparable harm in the absence of this TRO because "a sale pending resolution of this case may place the Porsche outside the Estate's reach" given that the Porshe has already crossed state lines several times, and because the Porsche at issue was part of a limited production and is "unique and irreplaceable." Dkt. #8 at 13. The Estate argues that the balance of equities is in its favor because the Estate is the victim of theft and because "Defendant merely risks a momentary delay of profit." *Id.* at 14. The Estate notes that the Porsche is apparently still appreciating in value. The Estate argues that a momentary hold on this Porsche will not affect Openroad's sale of other vehicles. For the last factor, the Estate argues that "injunctive relief here furthers the public interest by ensuring and safeguarding the victim's right to recover his property," and by protecting prospective buyers of this Porsche from purchasing a stolen vehicle and becoming subject to a lawsuit. *Id.* at 15.

The Court finds the Estate has sufficiently demonstrated a likelihood of success on the merits given its arguments and substantial supporting documentation. This conclusion has little bearing on the eventual outcome of this case, given the absence of argument or evidence presented by Defendant Openroad. The Estate's argument for irreparable harm is on shakier ground. It is difficult to see how a car can be "unique" and one of 918 identical copies. However, the Court finds that the Estate's ability to obtain relief under applicable replevin law could be lost if the Porshe in question is sold. Turning to the last two factors, the Court is convinced that Openroad will suffer little if any harm by the granting of this requested relief.

ORDER GRANTING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 5

Taken together, the stronger showing of factors one, three, and four outweigh the weak showing as to irreparable harm. *See Alliance, supra.* The Court will thus grant the TRO and set a preliminary injunction hearing.

Having considered Plaintiff's Motion, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff's Second Motion for Temporary Restraining Order (Dkt. #8) is GRANTED IN PART.

(2) Defendant Openroad is RESTRAINED from selling, transferring, or assigning ownership or title of the Porsche 918 Spyder with VIN WP0CA2A13FS800236 until **fourteen (14) days from the date of this Order**, unless otherwise ordered by the Court.

(3) Plaintiff's request for expedited discovery is DENIED at this time.

(4) A Preliminary Injunction Hearing is set for **10:00am on Thursday, April 27, 2017**, before the Honorable Ricardo S. Martinez, where the Court will hear oral argument.

(5) The matter of bond shall be reserved until the Preliminary Injunction Hearing.

(6) Any supplemental briefing from either party must be filed no later than noon on Wednesday, April 26, 2017, and may not exceed twelve (12) pages.

(7) Plaintiff must certify with the Court no later than noon on Thursday, April 20, 2017, that it has served this Order on Defendant.

DATED this 19th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE