UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY ABUZEIDE, Special Administrator for the Estate of Jack Berry Dane,<br><br>Plaintiff,<br><br>v.<br><br>OPENROAD AUTO GROUP, INC., a Washington corporation d/b/a BELLEVUE LAMBORGHINI ROLLS-ROYCE BENTLEY,<br><br>Defendant. | Case No. C17-583 RSM<br><br>ORDER GRANTING PRELIMINARY INJUNCTION AND SETTING SECOND PRELIMINARY INJUNCTION HEARING |

This matter comes before the Court on Plaintiff's Second Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. Dkt #8.

On April 14, 2017, Plaintiff Anthony Abuzeide, Special Administrator for the Estate of Jack Berry Dane ("The Estate") filed this action. The Estate has since filed two Motions seeking a TRO. The Court granted a TRO in this matter on April 19, 2017, and incorporates by reference the facts discussed in that Order. Dkt. #13. In that TRO Order, the Court set a Preliminary Injunction Hearing for April 27, 2017, and directed the Estate to serve a copy of the Order on Defendant Openroad Auto Group, Inc. ("Openroad"). Openroad has failed to

ORDER GRANTING PRELIMINARY INJUNCTION AND SETTING SECOND
PRELIMINARY INJUNCTION HEARING - 1

respond to these Motions, failed to attend the Preliminary Injunction Hearing, and failed to contact the Court in any fashion.

At the Preliminary Injunction Hearing, the Court learned from the Estate that it had communicated with Openroad or its agent the previous day, and that Openroad said it was still gathering records and seeking counsel. Openroad also indicated to the Estate that it would abide by the current TRO and not transfer the vehicle at issue in this case. Accordingly, the Court ruled that it would extend the existing TRO to allow Openroad to appear at a Second Preliminary Injunction Hearing, to be set for May 11, 2017, at 2:30 P.M.[1]

However, the Estate also requested at the hearing that the current TRO be modified to restrain Openroad from transferring possession of the vehicle. The Court believes such an amendment is proper given the record, but now finds that it cannot extend the existing TRO and make that modification. Such a modification would fundamentally alter the previous TRO. Accordingly, the Court will instead consider the Estate's Motion for a Preliminary Injunction as set forth below and keep the Second Preliminary Injunction Hearing to allow Openroad to challenge or modify this injunction.

To obtain a preliminary injunction, the moving party must show (1) "he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "'[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff

---

[1] The duration of a temporary restraining order issued without notice may not exceed 14 days but may be extended once for an additional 14 days for good cause; in addition, the reasons for such an extension must be entered in the record. Fed. R. Civ. P. 65(b)(2). When a temporary restraining order is issued with notice and after a hearing, however, the 14-day limit for such orders issued without notice does not apply. *See Horn Abbot Ltd. v. Sarsaparilla Ltd.*, 601 F. Supp. 360, 368 n.12 (N.D. Ill. 1984). Nevertheless, absent consent of the parties, "[a] court may not extend a 'TRO' indefinitely, even upon notice and a hearing." *Id.*

ORDER GRANTING PRELIMINARY INJUNCTION AND SETTING SECOND
PRELIMINARY INJUNCTION HEARING - 2

also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "Plaintiffs must establish that irreparable harm is likely, not just possible." *Id*. at 1131. Given the record before it, the Court again finds that the Estate has sufficiently demonstrated a likelihood of success on the merits, made a sufficient showing of irreparable harm, and otherwise shown that the balance of equities tips in its favor and that an injunction is in the public interest. *See* Dkt. #13. Taken together, the stronger showing of factors one, three, and four outweigh the weaker showing as to irreparable harm.

Having considered Plaintiff's Motion, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #8) is GRANTED IN PART as to Plaintiff's request for a Preliminary Injunction.

(2) Defendant Openroad is RESTRAINED from selling, transferring, or assigning ownership or title of the Porsche 918 Spyder with VIN WP0CA2A13FS800236, or otherwise transferring possession of said vehicle, while this litigation is pending unless otherwise ordered by the Court.

(3) Plaintiff's request for expedited discovery is DENIED at this time.

(4) A Second Preliminary Injunction Hearing is set for **2:30pm on Thursday, May 11, 2017**, before the Honorable Ricardo S. Martinez, where the Court will hear oral argument from the parties as to any necessary modification of this Order.

(5) The matter of bond shall be reserved until the Second Preliminary Injunction Hearing.

ORDER GRANTING PRELIMINARY INJUNCTION AND SETTING SECOND
PRELIMINARY INJUNCTION HEARING - 3

(6) Any supplemental briefing from either party must be filed no later than noon on Monday, May 8, 2017, and may not exceed twelve (12) pages.

(7) Plaintiff must certify with the Court no later than noon on Friday, April 27, 2017, that it has served this Order on Defendant.

DATED this 27th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PRELIMINARY INJUNCTION AND SETTING SECOND PRELIMINARY INJUNCTION HEARING - 4